IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-36,613-05






EX PARTE RICKEY DEAN McINTIRE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


CAUSE NO. 672887 IN THE 213TH DISTRICT COURT

TARRANT COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of delivery of a controlled substance, and punishment was assessed at ten (10)
years confinement. No direct appeal was taken.

 Applicant contends that he is eligible for street time credit but has been improperly
denied credit against his sentence for time served on his most recent period of supervised
release.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. See Ex parte Spann, 132
S.W.3d 390 (Tex. Crim. App. 2004). Therefore, it is this Court's opinion that additional
facts need to be developed and because this Court cannot hear evidence, the trial court is the
appropriate forum. The trial court shall resolve those issues as set out in Tex. Code Crim.
Proc. art. 11.07, § 3 (d), in that it may order affidavits, depositions, or interrogatories from
the appropriate officials of the Texas Department of Criminal Justice, Correctional
Institutions Division and Parole Division, or it may order a hearing. In the appropriate case
the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing.

 Following receipt of additional information, the trial court shall make findings of fact
as to whether the claim has been properly exhausted under Section 501.0081 of the Texas
Government Code, whether Applicant has any conviction for an offense that would render
him ineligible for street time credit, and whether on the issuance date of the warrant or
summons initiating the revocation process, the remaining portion of his sentence was greater
than the time spent on supervised release. The trial court shall also make any further findings
of fact and conclusions of law it deems relevant and appropriate to the disposition of the
application for writ of habeas corpus. The trial court shall supplement the habeas record with
copies of all documents upon which its findings are based.

 Because this Court does not hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within forty-five (45) days of the date of this order. (1) 
A supplemental transcript containing all affidavits and interrogatories or the transcription of
the court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
sixty (60) days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 8th DAY OF MARCH, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.